UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04583-WTL-DML |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Edward Simpson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-07-0018. For the reasons explained in this Entry, Mr. Simpson's habeas petition must be **granted**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 3, 2017, Simpson was charged with offense A-111/113, conspiracy/attempting/aiding or abetting to commit trafficking:

> On 7/3/2017 at approx. 9:15am, I Investigator A. Mills, received information that Offender Simpson, Edward 136480 had approached a member of the facility's medical department on 6/29/2017 and propositioned that staff person to traffic. Information received indicates that Offender Simpson approached the staff person and asked them if they would be interested in making an additional $1000 per week. Approaching a staff person in a correctional facility and asking them if they were interested in making an additional $1000 per week is a clear attempt to solicit that staff member to engage in trafficking contraband into the correctional facility. I reviewed the facility camera video from 6/29/2017 and discovered that Offender Simpson was walking next to a member of the facility's medical staff at approx.. 5:30am in C-Corridor. Offender Simpson and the medical personnel appear to be holding a conversation at this time and at one point, the medical personnel shakes their head as [if] to be saying "No" to Offender Simpson. I am confident that Offender Simpson indeed was attempting to solicit the medical staff person to traffick contraband into the correctional facility and therefore is in violation of ADP code A-111/113 Conspiracy/Attempting/Aiding or Abetting commit Trafficking.

On July 13, 2017, Simpson was notified of the charges and served a copy of the conduct report and the Notice of Disciplinary Hearing (Screening Report). Simpson was informed of his rights and he pleaded not guilty. He did not request a lay advocate or any physical evidence. Simpson requested "RN Bryan" as a witness.

The hearing was held on July 18, 2017. Simpson made a statement in his defense insisting that he was misunderstood. In light of Simpson's statements and staff reports, the DHO found Simpson guilty of offense 111/113, conspiracy/attempting/aiding or abetting to commit trafficking. Due to the seriousness of the violation, the degree to which it disrupted/endangered security of the facility, and the likelihood of the sanctions having a corrective effect on Simpson's future behavior, the DHO imposed the following sanctions: A written reprimand to

not violate code 111/113, 45 days loss of commissary and phone privileges, 180-days credit time deprivation, and a demotion from credit class 1 to credit class 2.

Mr. Simpson appealed to Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Simpson challenges his disciplinary conviction arguing that he was denied the right to call witnesses, his conduct report was not written within 24 hours of the incident in violation of Indiana Department of Correction (IDOC) policy, the evidence was insufficient, and he was denied the right to an impartial decision-maker. The respondent argues that Mr. Simpson's due process rights were not violated and that Mr. Simpson procedurally defaulted his claims that IDOC policy was violated and that the date of the offense was fabricated.

Because the Court finds that the evidence was insufficient to support the disciplinary conviction, it need not address Mr. Simpson's other arguments. Mr. Simpson argues that the conduct report was fabricated and is the product of a misunderstanding. The respondent argues that the evidence is sufficient to support his disciplinary conviction.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*

*v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Simpson was found guilty of offense A-111/113, attempting to traffic. Offense A-111 prohibits "Attempting or conspiring or aiding and abetting with another to commit any class A offense." Offense A-113 prohibits "Engaging in trafficking (as defined in I.C. 35-44.1-3-5) with anyone who is not an offender residing in the same facility." The only evidence against Mr. Simpson is that he asked Nurse Bryan if he would be interested in making an additional $1000 per week. There is no evidence regarding how Mr. Simpson would suggest that Nurse Bryan would earn this money and thus no connection between Mr. Simpson's discussion of the money and the trafficking of contraband. While Mr. Simpson may have been inviting Nurse Bryan to participate in a trafficking scheme, he also could have had a number of other purposes. It may be that Mr. Simpson was preparing to suggest that Nurse Bryan participate in some illegal activity, but even if he was, there is no evidence to support a conclusion that the activity was trafficking contraband as opposed to any other illegal activity. Based on this record, the determination that Mr. Simpson's purpose was to engage in trafficking, when there is very little to support that conclusion, was arbitrary. The evidence was therefore insufficient to support Mr. Simpson's conviction.

### D.  Conclusion

For the foregoing reasons, Mr. Simpson's petition for a writ of habeas corpus is **granted.** The respondent shall immediately **vacate** the disciplinary conviction in No. CIC 17-07-0018 and restore any lost credit time and credit class.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/14/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD SIMPSON
136480
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov